IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CEDRIC OSHEN BALLARD,          )
#179 607,                      )
     Petitioner,              )
                              )
v.                             ) CIVIL ACTION NO.: 2:10-CV-427-WHA
                              )              [WO]
WARDEN  DAVID WISE, *et al*.,    )
                              )
     Respondents.             )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner Cedric Ballard on May 12, 2010.[1]  In this petition, Petitioner challenges his  conviction for first degree robbery entered against  him by the Circuit Court for Montgomery County, Alabama, on December 14, 2005.  The trial court sentenced Petitioner on March 6, 2006, as a habitual offender, to life without the possibility of parole.

Following the trial court's order granting Petitioner and out-of-time appeal, Petitioner filed an appeal on March 5, 2007 wherein he challenged the sufficiency of the evidence.  On April 11, 2008 the Alabama Court of Criminal Appeals affirmed Petitioner's conviction.  The appellate court denied Petitioner's application for rehearing on May 2, 2008.  The Alabama

---

[1] Although the Clerk stamped the present petition "filed"  on May 17, 2010, an inmate account clerk certified  the *in forma pauperis* affidavit submitted with the petition on May 12, 2010.  Thus, it is clear that Petitioner had these documents within his possession at such time and therefore could not have  submitted them to prison officials for mailing prior to May 12, 2010.  The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  In light of the foregoing and for purposes of the proceedings herein, the court considers May 12, 2010 as the date of filing.

Supreme Court denied Petitioner's petition for writ of certiorari and issued a certificate of judgment on June 20, 2008.  (*Doc. No. 10, Exhs. B-F.*)

On September 22, 2008 Petitioner filed a Rule 32 petition with the trial court. He challenged trial counsel's performance for failing to inform him that he could plead not guilty by reason of mental disease or defect due to his drug-induced intoxicated state at the time he committed his crime. He further complained that appellate counsel performed deficiently by raising on appeal a meritless issue regarding the sufficiency of the evidence rather than the issue of his mental state due to drug use at the time he committed his crime. Following a hearing on the petition, the trial court denied and dismissed the petition on March 13, 2009. Following a remand by the Court of Criminal Appeals, the trial court conducted a second hearing on October 6, 2009.  On October 8, 2009 the trial court entered an order denying Petitioner's claim that he suffered from a mental disease or defect.   On appeal, the Alabama Court of Criminal Appeals affirmed the lower court's decision on January 22, 2010.  Petitioner's application for rehearing was denied by the appellate court on March 17, 2010.  Petitioner did not seek certiorari review in the Alabama Supreme Court. The Court of Criminal Appeals issued a certificate of judgment on March 31, 2010.  (*Doc. No. 10, Exhs. G-M.*)

Petitioner presents the following claims for relief in the instant petition, as amended:

1.  Trial counsel was ineffective for failing to advise Petitioner to make a special plea of not guilty by reason of mental disease or defect;

2.  Appellate counsel was ineffective for raising a non-meritorious issue on appeal; and

3.  The trial court erred when it denied trial counsel's motion for a directed verdict for judgment of acquittal.

(*Doc. Nos. 1, 12*.)

Respondents filed  answers to the petition, as amended,  arguing that Petitioner's claims of ineffective assistance of trial and appellate counsel are defaulted as a result of his failure to  present these claims to the state courts in accordance with the state's procedural rules.  Specifically, Respondents maintain that Petitioner failed to present his claim regarding trial counsel's performance to the Alabama Supreme Court in a petition for certiorari review, and the claim is not capable of further presentation to the state courts due to state procedural rules.   Respondents further assert that Petitioner's challenge to appellate counsel's performance is raised for the first time in the instant petition and was, therefore, not exhausted properly in the state courts.[2]  To the extent Petitioner's challenge regarding appellate counsel's performance was properly presented in his Rule 32 petition and on appeal therefrom, the claim is defaulted for the same reason his ineffective assistance of trial counsel claim is defaulted.  (*See Doc. No. 10*).  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Lambrix v. Singletary*, 520 U.S. 518, 523 (1997); *Brownlee v. Haley*, 306 F.3d 1043,

---

[2]On appeal from his Rule 32 petition, Petitioner alleged that the trial court erred when it failed to address his claim regarding appellate counsel's performance in its order denying relief and, therefore, his ineffective assistance of appellate counsel claim was due to be granted. (*Doc. No. 10, Exh. H.*)

1065 (11th Cir. 2002); *Smith v. Jones*, 256 F.3d 1135, 1140-1146 (11th Cir. 2001) (2002); *Holladay v. Haley*, 209 F.3d 1243, 1254 n.9 (11th Cir. 2000); *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990).  Respondents assert that Petitioner's challenge to the sufficiency of the evidence was properly adjudicated on the merits by the state courts. (*Doc. No. 17*.)    *See Williams v. Taylor*, 529 U.S. 362, 404-05 (2000).

Petitioner took advantage of the opportunity granted to respond to  Respondents' answer and supplemental answer.  (*Doc. No. 19*.)  After reviewing the § 2254 petition, Respondents' answers, and Petitioner's response,  the court concludes that no evidentiary hearing is required, and that the petition is due to be denied in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## I.  DISCUSSION

*A.  Sufficiency of the Evidence*

To prevail on a § 2254  claim adjudicated on the merits by the state courts, Petitioner must show that the decision by the Alabama state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(1) & (2);[3]

---

[3]28 U.S.C. § 2254(d) provides that:

*see  Williams*, 529 U.S. at 412-13.  A state court's decision can be "contrary to" federal law either (1) if it fails to apply the correct controlling authority, or (2) if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result.  *Id*. at 405-06.  A state court's decision can involve an "unreasonable application" of federal law if it either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable.  *Id*. at 407.  "Federal habeas relief is available under the 'unreasonable application' standard only if the state court's application of clearly established federal law was 'objectively unreasonable.'" *Parker v. Head*, 244 F.3d 831 (11th Cir. 2001) (*citing Williams*, 529 U.S. at 409).  It is the objective reasonableness, not the correctness *per se*, of the state court decision that this court must decide.  *See Williams*, 529 U.S. at 411; *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001).

Federal district courts are likewise directed to determine whether the state court based

---

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim adjudicated on the merits in State court proceedings unless the adjudication of the claim:

(1)        resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or

(2)        resulted in a decision based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceedings.

its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).  A responsible, thoughtful decision that is made after a full opportunity to litigate suffices, "even if it is wrong." *Lindh v. Murphy*, 96 F.3d 856, 876-77 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997).  A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  "However, the statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact."  *Parker*, 244 F.3d at 835 (*citing McBride v. Sharpe*, 25 F.3d 962, 971 (11th Cir. 1994)). However, even when the state court addresses a question of law, this court is not authorized "to evaluate [a petitioner's] claim *de novo* rather than through the lens of § 2254(d)."  *Price*, 538 U.S. at 639.  The Supreme Court admonishes that such evaluation "exceeds the limits imposed on federal habeas review by 28 U.S.C. § 2254(d). . . ." *Id*. at 636. Additionally, a state court's summary rejection of a federal constitutional issue qualifies as an adjudication on the merits under § 2254(d) so that the summary rejection is entitled to the same deference as a written opinion.  *See Wright v. Sec. of Dept. Of Corr.,* 278 F.3d 1245, 1254 (11th Cir. 2002).

Petitioner argues that his motion for directed verdict should have been granted where the undisputed evidence at trial demonstrated that he was not armed with a deadly or

6

dangerous weapon. Rather, Petitioner maintains he was armed with a toy cap gun which is neither dangerous not capable of inflicting serious physical injury.  Petitioner concedes that a person can be convicted of first degree robbery even if there is no gun so long as the individual possesses "*any object reasonably believe to be a deadly weapon or dangerous instrument or represents in some manner that he has [a deadly or dangerous weapon.]*." (*Doc. No. 12 at 4*) (emphasis added.)

Under § 2254, habeas relief  on a claim of insufficient evidence is appropriate only "if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *see also Lewis v. Jeffers*, 497 U.S. 764, 781 (1990).   It is within the province of the jury to weigh the credibility of all of the witnesses' testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  *Jackson*, 443 at 318-319; *see also  United States v. Billue*, 994 F.2d 1562, 1565 (11th Cir. 1993) (evaluation of an eyewitness' testimony is the kind of analysis that is reserved for the jury). A petitioner is not entitled to federal habeas relief if the evidence is merely susceptible to an interpretation other than the defendant's guilt.  *Jackson*, 433 U.S. at 326.  Sufficiency claims are judged by the elements defined by state law.  *Id*. at 324 n.16.

On appeal, the Alabama Court of Criminal Appeals addressed Petitioner's claim that

the evidence at trial was insufficient to support his robbery conviction.[4]  The appellate court

reviewed the evidence in the record and rejected Petitioner's argument finding that at trial

the victim identified Petitioner as the robber and testified that during the robbery he pulled

a small silver gun on her, which she believed to be a real gun, and demanded that she give

him all the money in the cash register.  The appellate court noted that the "Alabama law

requires only that an individual reasonably believes that a perpetrator is armed with a weapon

or dangerous instrument to sustain a charge or conviction for first-degree robbery."  (*Doc.*

*No. 10, Exh. D at 3-4*.)

Here, Petitioner's claim that his conviction should be reversed because it was based

on insufficient evidence that he possessed a deadly weapon or dangerous instrument is

without merit.  The appellate court determined:

> [N]either Alabama case law nor the record supports [Petitioner's] contention
> that the evidence presented at trial was affirmatively rebutted or refuted
> regarding whether the gun was real. . . . [T]he State produced sufficient
> evidence from which the jury could, by fair inference, find beyond a
> reasonable doubt the [the victim] reasonably believed that [Petitioner's] gun

---

[4]Section 13A-8-41, Ala. Code 1975 provides:

"(A) A person commits the crime of robbery in the first degree if he violates Section 13A-8-43 [third degree robbery] and he:

"(1) Is armed with a deadly weapon or dangerous instrument; or

"(2) Causes serious physical injury to another."

was a deadly weapon.  A conviction of robbery in the first degree is satisfied
when a victim believes that the accused was armed; it is not necessary that the
victim actually see the weapon.

(*Doc. No. 10, Exh. D at 3*.)

Because the appellate court rejected Petitioner's claim that the evidence used to convict him was insufficient, this court must deny habeas relief unless one of the two exceptions found in § 2254(d) applies.  *See Mobley v. Head*, 267 F.3d 1312, 1316 (11th Cir. 2001).  Having independently reviewed the record, the arguments presented by the parties, applicable statutes, and controlling case law, the undersigned finds that Petitioner has not met his burden in this regard.  *See Jackson*, 443 at 318-319.  Petitioner is, therefore, not entitled to habeas relief on this claim.

## B. Ineffective Assistance of Counsel

Respondents assert that Petitioner has procedurally defaulted his claims challenging trial and appellate counsel's performance. The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971).  Thus, claims which have never been presented to a state court or claims which were not exhausted properly in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *Gray v. Netherland,* 518 U.S. 152, 161-162 (1996) (where state-

court remedies are no longer available because petitioner failed to file a direct appeal or initiate timely state post-conviction action, petitioner has procedurally defaulted on his claims and is generally barred from asserting claims in a federal habeas proceeding); *Coleman v. Thompson,* 501 U.S. 722, 735 n. 1 (1991) (citations omitted) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] ... there is a procedural default for purposes of federal habeas."); *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) (when petitioner fails to properly exhaust claims in state court and is barred from raising claims in state court by applicable procedural rules, such claims are procedurally defaulted). In the instant action, Petitioner's claims regarding the alleged deficient performance of trial and appellate counsel are defaulted due to his failure to present his claims in accordance with the state's procedural rules.

This court may reach the merits of Petitioner's procedurally defaulted claims "only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both 'cause' for the default and actual 'prejudice' resulting from the default. *See Murray v. Carrier,* 477 U.S. 478, 485, 106 S.Ct. 2639, 2644, 91 L.Ed.2d 397 (1986); *[Wainwright v.] Sykes*, 433 U.S. [72,] 87 [(1977)]. . . . Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray*, 477

U.S. at 495-96, 106 S.Ct. at 2678.  A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent.  *Id*."  *Henderson*, 353 F.3d at 892.

 i.  *Cause and Prejudice*

"To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court."  *Wright v. Hopper,* 169 F.3d 695, 703 (11th Cir.1999).  To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different.  *Id*.; *Crawford v. Head,* 311 F.3d 1288, 1327-28 (11th Cir.2002).

*Henderson*, 353 F.3d at 892.

As previously determined, Petitioner is procedurally defaulted on ineffective assistance of trial and appellate claims due to his failure to properly exhaust these claims in the state courts.  *Coleman*, 501 U.S. at 735 n.1; *Henderson*, 353 F.3d at 891. The court afforded Petitioner an opportunity to demonstrate the existence of cause for his failure to raise those claims in the state courts properly and prejudice resulting from this failure.  To demonstrate cause sufficient to excuse a procedural default, Petitioner must establish that an objective impediment, not of his own making, denied him the opportunity of presenting his claims properly to the state courts.  *See McCoy v. Newsome*, 953 F.2d 1252, 1260 (11th Cir. 1992).  Based on the pleadings, documents, and records filed in this case, the court finds that Petitioner has not established the existence of any "objective factor external to the defense

11

that prevented [him] from raising the claim[s] and which cannot be fairly attributable to his own conduct." *Murray*, 477 U.S. at 488.  Petitioner has, therefore, failed to demonstrate cause for his failure to present the claims raised in his original petition to the state courts in compliance with applicable procedural rules.  Furthermore, Petitioner has not shown the existence of actual prejudice emanating from infringement of federal law.  Nevertheless, this court may still reach the merits of Petitioner's procedurally defaulted claims in order to prevent a fundamental miscarriage of justice.

### ii.  Fundamental Miscarriage of Justice

The miscarriage of justice standard is directly linked to innocence.  *Schlup v. Delo*, 513 U.S. 298, 321 (1995).  Although an actual innocence claim "can itself be defaulted is not to say that the procedural default may not ***itself*** be excused if the petitioner can satisfy the cause-and-prejudice standard [or fundamental miscarriage of justice exception] with respect to that claim." *Edwards,* 529 U.S. at 453 (emphasis in original).   Innocence is not an independent claim; instead, it is the "gateway" through which a petitioner  must pass before a court may consider constitutional claims which are defaulted.  *Schlup*, 513 U.S. at 315. This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Murray*, 477 U.S. at 496; *Schlup v. Delo*, *supra*.   "[T]he *Schlup* standard is demanding and permits review only

12

in the 'extraordinary' case." *House v. Bell,* 547 U.S. 518, 538 (2006) (citations omitted).

Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels

against federal review of defaulted claims." *Id.* at 537.

"To establish actual innocence, [a habeas petitioner] must demonstrate that . . . 'it is

more likely than not that no reasonable juror would have convicted him.' *Schlup v. Delo*,

513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley   v.*

*United States,* 523 U.S. 614, 623 (1998); *House,* 547 U.S. at 538. In this context, Petitioner

must show constitutional error coupled with newly discovered evidence that was not

presented at trial that would establish factual innocence rather than mere legal insufficiency.

*Bousley*, 523 U.S. at 623-24*; Johnson v. Alabama,* 256 F.3d 1156, 1171 (11th Cir. 2001). *See*

*also Schlup,* 513 U.S. at 324.

> *Schlup* observes that

>> a substantial claim that constitutional error has caused the
>> conviction of an innocent person is extremely rare. . . .  To be
>> credible, such a claim requires petitioner to support his
>> allegations of constitutional error with new reliable evidence –
>> whether it be exculpatory scientific evidence, trustworthy
>> eyewitness accounts, or critical physical evidence – that was not
>> presented at trial.

*Id*. at 324.

Petitioner does not assert that he has "new" reliable evidence of factual innocence, and

there is nothing in the record that suggests a miscarriage of justice will occur if the court does

not reach the merits of the claims presented in Petitioner's original petition.  Petitioner simply

presents no evidence nor suggests that any exists which could satisfy the difficult standard set forth in *Schlup*. Petitioner's procedurally defaulted claims are, therefore, foreclosed from federal habeas review.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Cedric Ballard  be DENIED and DISMISSED with prejudice.

It is further

ORDERED that **on or before January 2, 2013,** the parties may file an objection to the Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party  objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d

33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of December, 2012.


            /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE