IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CEDRIC OSHEN BALLARD, #179 607, )<br>)<br>Petitioner,   )<br>)<br>v.    )<br>)<br>WARDEN DAVID WISE, et al.,   )<br>)<br>Respondents.   ) | CIVIL ACTION NO.  2:10cv427-WHA<br><br>(WO) |

## ORDER

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #20), entered on December 18, 2012, and the Petitioner's Objection thereto (Doc. #25), filed on January 28, 2013.

The court has conducted an independent evaluation and *de novo* review of the entire file, and having done so, determines the Petitioner's objections to be without merit.

Petitioner objects to the Recommendation that his habeas petition should be denied. With regard to the Magistrate Judge's conclusion that he defaulted his ineffective assistance of trial counsel and ineffective assistance of appellate counsel claims (presented in his Rule 32 petition) due to his failure to fully exhaust these claims in state court, Petitioner argues that the default occurred due to "no fault of his own" inasmuch as he contends that he delivered his cert. petition on time. That is, Petitioner says that he timely gave his cert. petition to prison officials for mailing and the prison mailbox rule should apply. Although Petitioner submitted with his response to Respondents' answer an unofficial copy of his request to the Alabama Supreme Court for additional time to file his cert. petition (dated March 26, 2010), the record before the

court reflects that the Alabama Court of Criminal Appeals entered a certificate of judgment on March 31, 2010 following entry of its March 12, 2010 order overruling his request for a rehearing.  The record is devoid of a cert. petition having been filed by Petitioner, but if, in fact he did file one, he admits in his opposition that his request for additional time to submit the cert. petition was not granted and his petition was, therefore, untimely.  (See Doc. #13)  Further, this court is bound by the procedural effect, if any, of a state court's decision regarding the timeliness of pleadings filed in state court.  Petitioner's objection, which essentially rehashes the same argument presented in his opposition as to why his defaulted claims should be reviewed on the merits, provides no basis on which to disagree with the Magistrate Judge's findings in the Recommendation regarding the defaulted claims.

Petitioner also objects to the conclusion in the Recommendation that the state court correctly determined that there was sufficient evidence to sustain Petitioner's conviction for first degree robbery.  Petitioner's objection centers around the same argument  presented in his habeas petition, *i.e.,* despite the fact that the evidence showed that the victim reasonably believed Petitioner to have a real gun, the gun, in fact, was a toy gun which by definition cannot be considered a deadly weapon. For the reasons explained in the Recommendation, this objection is without merit.

The court finds that Petitioner's objections are without merit, and they are hereby OVERRULED.  The court ADOPTS the Recommendation of the Magistrate Judge, and it is hereby

ORDERED the petition for habeas corpus relief filed by Cedric Oshen Ballard is DENIED and DISMISSED with prejudice.

DONE this 6th day of March, 2013.

                                       /s/ W. Harold Albritton
                                       W. HAROLD ALBRITTON
                                       SENIOR UNITED STATES DISTRICT JUDGE